IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL MARTIN, individually and on behalf of other similarly situated employees and former employees of Defendant, <br>     Plaintiff, <br><br> vs. <br><br> NES GLOBAL LLC and TECHNIP USA INC., <br>     Defendants. | § § § § § § § § § § § | CIVIL ACTION NO: 4:16-cv-03621 <br> JURY DEMANDED |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    Michael Martin files this *Complaint*, individually and on behalf of other similarly situated employees and former employees of Defendants, complaining of NES Global LLC and Technip USA, Inc., Defendants (collectively referred to herein as "Defendants"), and would respectfully show the following:

### I. PARTIES

    1.1.    Plaintiff, *Michael Martin* ("Plaintiff" or "Martin") is an individual residing in Harris County, Texas, who files this lawsuit on his behalf and on behalf of other similarly situated employees and former employees of Defendants who may subsequently opt-in to this lawsuit.

    1.2.    Defendant, *NES Global LLC* ("NES"), is a foreign limited liability company, with its principal place of business in Harris County, Texas, and may be served with summons by serving its registered agent, Paul Kelly, at One Memorial City Plaza, at 800 Gessner Road, Suite 310, Houston, Texas 77024.

1.3. Defendant, *Technip USA Inc.* ("Technip"), is a foreign corporation with its principal place of business in Harris County, Texas, and may be served with summons by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3616.

## II. COLLECTIVE ACTION

2.1. Plaintiff files this complaint on his own behalf and on behalf of other similarly situated employees and former employees of Defendants pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff files this complaint on his behalf and on behalf of other similarly situated employees and former employees of Defendants who were paid an hourly rate but who were not paid time and one-half that regular hourly rate for hours worked in excess of forty each week ("the Class") at any time from December 8, 2013, to the present ("the Relevant Time Period").

## III. VENUE

3.1. Venue of this action is proper in this district and division because Defendants' principal places of business is in this district.

## IV. JURISDICTION

4.1. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, as amended.

## V. STATEMENT OF CAUSES OF ACTION

5.1.   NES was an employer of Martin within the meaning of 29 U.S.C. § 203(d) during the Relevant Time Period.

5.2.   Technip was an employer of Martin within the meaning of 29 U.S.C. § 203(d) during the Relevant Time Period.

5.3.   During the Relevant Time Period, NES was an enterprise engaged in commerce or the productions of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

5.4.   During the Relevant Time Period, Technip was an enterprise engaged in commerce or the productions of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

5.5.   During the Relevant Time Period, NES and Technip were joint employers of Martin within the meaning of 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2.

5.6.   During the Relevant Time Period, Martin was engaged in commerce or in the production of goods for commerce.

5.7.   NES is a staffing company, providing recruitment services to the oil and gas industry, among others.

5.8.   Technip is engaged in the oil and gas management, engineering, and construction industry.

5.9.   On or about February 26, 2015, Technip emailed Martin regarding a job opening for a Piping Engineer position.

5.10.   Technip required Martin go through a third-party company to handle payroll and be the contracting agency to represent him during his employment for Technip.

5.11.   On or about March 4, 2015, NES emailed Martin instructions to complete a drug panel screen, background check, as well as a substance, drug, and alcohol abuse prevention policy, which were necessary for "employment with NES Global Talent and Client Technip USA Inc."

5.12.   On or about March 5, 2015, Martin signed an offer letter with NES.

5.13.   Martin began working for Defendants in March 2015 as a Piping Engineer.

5.14.   Martin was paid by NES during the Relevant Time Period. NES did not compensate Martin on a salary basis.

5.15.   During the Relevant Time Period, Martin regularly worked more than forty hours per week for NES and assigned to work at Technip.

5.16.   Defendants did not pay Martin one and one-half times his regular hourly rate for every hour he worked in excess of forty in a workweek during the Relevant Time Period but instead paid Martin an hourly rate for each hour worked.

5.17.   During the Relevant Time Period, it was NES's policy and/or practice to pay members of the Class an hourly rate and not pay them one and one-half times their regular hourly rate for overtime hours.

5.18.   The hourly rate Defendants paid Martin does not satisfy the salary basis test required by the FLSA for exempt employees.

5.19.   Defendants owe Martin unpaid wages for unpaid overtime under the FLSA for work performed during the Relevant Time Period.

## VI. Violation of the FLSA

6.1.   Plaintiff incorporates the factual allegations recited above and would show that Defendants are liable to him for overtime compensation under the FLSA.

6.2. Defendants had a statutory obligation to pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours he worked in excess of forty in a given workweek. Plaintiff worked for Defendants in excess of forty hours a week during the Relevant Time Period. Defendants did not pay Plaintiff for overtime at the rate of one and one-half times his regular rate of pay for overtime hours during the entirety of the Relevant Time Period.

6.3. At all relevant times, Plaintiff was not compensated on a salary basis to the extent necessary to be classified as a non-exempt employee under the FLSA.

6.4. Plaintiff seeks, and is entitled to, a recovery of liquidated damages on his claims under the FLSA. Liquidated damages are awarded automatically under the FLSA.

6.5. There is no reasonable basis for Defendants to believe that Plaintiff was exempt under the FLSA, that Defendants' payment of Plaintiff satisfied the salary basis test, or that Defendants' practices were permitted by the FLSA. Defendants did not act in good faith in failing to pay Plaintiff in accordance with the requirements of the FLSA.

6.6. Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal.

## VII. ATTORNEY'S FEES

7.1. Defendants' refusal to abide by their statutory obligations to Plaintiff has made it necessary for Plaintiff to employ the undersigned attorneys to file this lawsuit. As such, Plaintiff requests the Court to award a reasonable fee, pursuant to the FLSA, for his attorneys' services rendered and to be rendered herein, at the trial court and the court of appeals, and the Supreme Court, if necessary, as well as expenses and court costs. Should members of the Class join this lawsuit and retain the undersigned, such fees, expenses, and court costs are sought for work performed on their behalf as well.

## VIII. SECTION 216(b) COLLECTIVE ACTION

8.1. Plaintiff incorporates the factual allegations recited above. Plaintiff files this complaint on his behalf and on behalf of other members of the Class pursuant to Section 216(b) of the FLSA who were not paid time and one-half overtime during the Relevant Time Period as required by the FLSA for the hours they worked in excess of forty in a workweek.

8.2. It was Defendants' policies and/or practices to pay Plaintiff and the other putative plaintiffs an hourly rate. An hourly rate does not satisfy the salary basis test for exemptions under the FLSA. There are other similarly situated employees and former employees of Defendants who are/were paid an hourly rate, who are/were not paid one and one-half their regular hourly rate for overtime hours, and who are owed overtime wages under the FSLA for work they performed during their employment with Defendants.

8.3. The putative plaintiffs are entitled to a recovery of liquidated damages on their claims under the FLSA. Liquidated damages are awarded automatically under the FLSA.

8.4. There is no reasonable basis for Defendants to believe the putative plaintiffs were exempt under the FLSA, that Defendants' payment of Plaintiff and the other putative plaintiffs satisfied the salary basis test, or that Defendant's practices were permitted by the FLSA. Defendant did not act in good faith in failing to pay in accordance with the requirements of the FLSA.

8.5. Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal.

8.6. The putative plaintiffs are owed overtime wages, liquidated damages, and attorneys' fees for the same reasons as Plaintiff. The putative plaintiffs should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA and Plaintiff requests such notice be issued.

### IX. JURY DEMAND

9.1. Plaintiff demands a jury on all issues to be tried in this matter.

### PRAYER

WHEREFORE, Plaintiff Michael Martin prays that Defendants NES Global LLC and Technip USA, Inc. be summoned to appear, that notice be issued to other members of the Class, and that on final trial of this matter, Plaintiff be granted relief as follows:

(a) Judgment declaring that the acts and practices of NES Global LLC and Technip USA, Inc. described herein violate the FLSA, as amended;

(b) Judgment declaring that the acts and practices of NES Global LLC and Technip USA, Inc. described herein constitute a willful violation of the FLSA, as amended;

(c) Judgment directing NES Global LLC and Technip USA, Inc. to pay Plaintiff and other plaintiffs who may opt-in this litigation actual and liquidated damages for violations of the FLSA, as amended;

(d) Costs of suit and reasonable attorneys' fees;

(e) Prejudgment and post-judgment interest as provided by law; and

(f) Such other and further relief, in law and in equity, to which Plaintiff and such other plaintiffs may be justly entitled.

Respectfully submitted,

FIDDLER & ASSOCIATES, P.C.


/s/ G. Scott Fiddler
_____
G. SCOTT FIDDLER
*Attorney-in-Charge*
SBOT #06957750
FID #12508
scott@fiddlerlaw.com
ANDREW W. REED
*Of Counsel*
SBOT #24074935
FID #1140192
areed@fiddlerlaw.com
1004 Congress, 3rd Floor
Houston, Texas 77002
Tel: 713-228-0070
Fax: 713-228-0078

ATTORNEYS FOR PLAINTIFF
MICHAEL MARTIN