IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL MARTIN, § | | |
|    Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:16-cv-03621 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| NES GLOBAL, LLC AND | § | |
| TECNHIP USA INC., | § | |
|    Defendants. | § | |

**PLAINTIFF'S RULE 59 MOTION TO ALTER OR AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, RULE 60 MOTION FOR RELIEF FROM JUDGMENT**

TO THE HONORABLE LYNN N. HUGHES:

Plaintiff, Michael Martin ("Plaintiff" or "Martin"), files this *Plaintiff's Rule 59 Motion to Alter or Amend Judgment or, in the Alternative, Rule 60 Motion for Relief from Judgment*, requesting the court reconsider its June 27, 2018 *Final Judgment* and would respectfully show the following:

**I. BACKGROUND**

Martin filed his *Complaint* on December 9, 2016, alleging Defendants NES Global, LLC ("NES") and Technip US, LLC ("Technip") violated the Fair Labor Standards Act ("FLSA") by failing to pay Martin one and one half times his regular rate of pay for all hours worked over forty.[1] NES filed its answer on February 13, 2017, and denied it owed Martin or that any violations of the FLSA occurred.[2] On March 6, 2017, without notice or opportunity for briefing, the Court dismissed Technip with prejudice.[3] After cross-motions for summary judgment, on

---

[1] *See* Document 1.
[2] *See generally*, Document 8.
[3] Document 12. On May 4, 2017, following Martin's filing of a motion for reconsideration, Martin's claims against Technip were dismissed *without* prejudice.

June 27, 2018, the Court entered its *Opinion on Summary Judgment*.[4] In its opinion, the Court denied Martin's motion for summary judgment, denied NES's motion for summary judgment in part, and ordered "Michael Martin takes $9,275 from NES Global, LLC."[5] Concurrently with its order, the Court entered a *Final Judgment*, which also dismissed Technip.[6]

Pursuant to Federal Rules of Civil Procedure 59 and 60, Martin seeks relief from the final judgment on the grounds that no valid settlement agreement existed between Martin and NES. Additionally, Technip is an employer of Martin under the FLSA, and Martin has not entered into a valid settlement agreement with Technip. Additionally, Martin seeks relief from the *Order on Costs* to NES, as NES was not a prevailing party.

## II. Legal Standard

Motions seeking reconsideration are considered a motion to alter or amend under Rule 59(e) or a motion for relief from judgment under Rule 60(b), depending on when the motion is filed. *See Demahy v. Schwarz Pharm. Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). A motion for reconsideration is considered under Rule 59(e) if it is filed within twenty-eight days of the court's ruling, and under Rule 60(b) if it is filed after twenty-eight days. *Id.* A Rule 59(e) motion will be granted if there is a need to correct a clear error of law or fact or to prevent a manifest injustice. *Brown v. Mississippi Co-op Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004).

## III. Argument and Authority

The Court's June 27, 2018 Order enforced a purported settlement agreement entered into between Martin and NES and dismissed Technip USA, LLC, finding Technip USA, LLC not to be Martin's employer. Martin requests reconsideration to prevent manifest injustice because (1) no enforceable agreement supervised by the United Stated Department of Labor was entered into

---

[4] Document 39.
[5] *See* Document 36, p. 3.
[6] Document 40.

between Martin and NES; (2) no bona fide dispute existed between the parties regarding hours worked or compensation to be paid and thus any private settlement would be unenforceable; (3) no consideration was provided for the agreement and/or there was a failure of consideration; (4) the purported settlement did not cover liquidated damages; (5) Technip is an employer of Martin's under the FLSA, and Martin did not enter into a settlement agreement with Technip; and (6) NES is not a prevailing party and thus is not entitled to an award of costs.

**A.    No Valid Settlement Existed Between Martin and NES**

    1.    <u>The Purported Settlement is not Enforceable Because there is no Executed Form WH-58 and no Tendering of Payment in Full</u>

Unlike other statutory violations, as a general rule, FLSA claims for unpaid overtime cannot be waived. *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-08 (1945)). The FLSA permits a waiver of FLSA claims only in limited situations in which the employee agrees to accepts payment which the United States Department of Labor ("DOL") determines to be due and there is payment in full. 29 U.S.C. § 216(c); *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). However, even where there is supervision by the DOL, an employee need not accept back wages from an employer. 29 U.S.C. § 216(c); *Owens v. Marstek, L.L.C.*, 548 F. App'x 966, 971 (5th Cir. 2013). Instead, after a DOL audit or investigation, an employee may choose to pursue an action in court, and in pursuing that action may maintain a claim for unpaid wages as well as liquidated damages, attorneys' fees, and costs. *Owens*, 548 F. App'x at 971. Upon a finding that an employee is owed unpaid overtime wages, a court is required to award liquidated damages, attorneys' fees and costs. *Id.*

In *Owens*, the Fifth Circuit considered a situation with similar facts to that of Martin and NES. Specifically, in *Owens*, a DOL investigation determined the employer violated the FLSA and that the plaintiffs were entitled to back wages. *Id.* at 968. The employer in *Owens* offered the plaintiffs payment of back wages in part of their regular paychecks and began depositing the funds but the plaintiffs did not accept the money. *Id.* Because it was undisputed the plaintiffs never tendered money in full, the Fifth Circuit affirmed the trial court's granting summary judgment for the plaintiffs. *Id.* The same is true here in that Martin rejected the offer of payment and no funds were ever deposited into his account.

Generally, to establish an employee agreed to accept payment calculated by the DOL, an employee manifests assent by signing a receipt in the form of a Form WH-58 or other similar form authorized by the DOL. *See Flores v. ACT Event Services, Inc.*, 3:14-CV-2412-G, 2015 WL 567960, at *8 (N.D. Tex. Feb. 11, 2015) (quoting *Dent v. Cox Communications Las Vegas, Inc.*, 502 F.3d 1141, 1146 (9th Cir. 2007)). Without an employee's signature, an employee does not release his FLSA claims even if the employee cashes a purported settlement check. *Flores*, 2015 WL 567960, at *8. Here, it is undisputed Martin was never provided with a Form WH-58 or receipt and Martin did not receive a settlement check or have funds deposited into his account. Accordingly, Martin has not waived his claims under the FLSA pursuant to a DOL supervised settlement. *See id.*; *Alvarez v. 9ER's Grill @ Blackhawk, L.L.C.*, CIV A H-08-2905, 2009 WL 2252243, at *7 (S.D. Tex. July 28, 2009) (denying defendant's waiver and settlement arguments "[b]ecause defendants have failed to present any evidence that they either provided Alvarez a form WH–58 to sign, or that Alvarez ever signed such a form releasing her FLSA claims. . . ."); *see also Sneed*, 545 F.2d at 539.

  2. <u>The Purported Settlement is not an Enforceable Private Settlement Because there is no Bona Fide Dispute Regarding the Number of Hours or Compensation Due</u>

Even were the analysis viewed as a private settlement, as opposed to a settlement supervised by the DOL, the result is the same. The Fifth Circuit in *Spring Break* created a narrow exception to the prohibition on private settlements only where there was a "bona fide dispute" over the number of hours worked or compensation owed. *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) ("here, there is a bona fide dispute between Appellants and Spring Break Louisiana over the number of hours for which they are owed their set rate of pay.").

There was no bona fide dispute regarding hours, as both parties agree Martin worked 265 overtime hours.[7] There is also no dispute regarding the compensation due as NES's corporate representative admitted that the rate Martin would be paid for every hour he worked was a total of seventy-five dollars per hour.[8] Without a bona fide dispute over either the hours worked or the compensation to be paid, Martin and NES are unable to enter into a private settlement. *See Spring Break*, 688 F.3d at 255-56.

  3. <u>The Purported Settlement is not Enforceable because there is no Consideration</u>

Additionally, there has been no consideration for the agreement and/or a failure of consideration. The letter NES sent Martin was unequivocal: "[i]f you accept payment of the back wages, you will also receive a settlement waiver created by the DOL. This waiver, or depositing the funds into your bank account, acts as a settlement for any potential claimed wages over the audit period." Martin never signed a Form WH-58 or a waiver prepared by the DOL. Martin never deposited funds in his bank account. These were each conditions precedent to the purported agreement. Because neither occurred, Martin did not waive his claims.

---

[7] Document 29-6, Exhibit 3A; Document 33-11, Sloan Dep., pp. 55-56.
[8] *See* Document 33-11, Sloan Dep. p. 26.

Furthermore, there was no meeting of the minds. Because Martin did not receive a copy of the settlement document drafted by the DOL, Martin was never aware of what he was being asked to agree to. Martin cannot agree to a waiver whose terms he never read.

    4.    <u>Even were it Enforceable, the Purported Settlement was Limited to Actual Damages and Martin did not Release Claims for Liquidated Damages</u>

Finally, even had Martin settled his claims with NES, the correspondence from NES provided only that if Martin executed the agreement and accepted the settlement payment, "[t]his would preclude you from filing a lawsuit for any additional *actual damages* during the 2 year look back period."[9] There is no indication Martin was advised about, much less that he agreed to waive, his right to liquidated damages, which are mandatory under the FLSA. *See* 29 U.S.C. § 216(b) (" . . . and an additional amount as liquidated damages."); *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 114 (1946) ("we think the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."); *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 267 (5th Cir. 1998) (finding an award of liquidated damages is automatic upon a finding that the employer violated the FLSA).

**B.**    **Martin did not Waive his Claims Against Technip, who was Martin's Employer**

Under the FLSA, an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). An employer must comply with the FLSA's requirements for all the workers it "employs," a term defined as "includ[ing] to suffer or permit to work." *Id.* at § 203(g). For the purposes of the FLSA, the term "employer" has been broadly interpreted and may include one or more joint employers depending on the nature of the relationship between the employers. *Falk v. Brennan,* 414 U.S. 190, 195 (1973). For example, in *Falk*, the United States Supreme Court held a real estate

---

[9] *See* Document 33-12 (emphasis added).

management company to be an employer of apartment maintenance workers under the FLSA, even though it was "clear" the maintenance workers were also employees of the building owners. *Id.*

Whether a party is an employer or joint employer for purposes of the FLSA is a question of fact. *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983) *abrogated on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-133 (1988). To determine joint employer status, courts examine the "economic realities" of the relationship between the alleged employer and employee. *Donovan*, 695 F.2d at 195. In determining the "economic realities" of the relationship, courts consider whether the defendant: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir. 1990). No one factor is dispositive. Instead, the ultimate determination of the employment relationship depends "upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730 (1947).

Technip was Martin's employer as an economic reality. Technip was the party who initially contacted Martin regarding the possibility of a job with Technip.[10] Technip created the job description. Martin interviewed with Technip, not NES.[11] Technip told Martin he would be eligible for straight time overtime and thus made the decisions regarding pay practices that violated the FLSA.[12] Technip provided Martin with potential firms and points of contact for Martin to select from to handle payroll.[13] Upon Technip's request, Martin ultimately selected

---

[10] *See* Document 33-4, pp. 2-3.
[11] *See* Document 33-4, pp. 2-3, 33-5, p. 2.
[12] *See* Document 29-3, p. 2.
[13] *See* Document 29-3, p. 2.

NES as the company to provide his payroll services. NES provided no other services to Martin. On March 4, 2015, NES emailed Martin, stating, "Welcome to NES Global Talent. Conditional to *Employment* with NES Global Talent and Client *Technip USA, Inc., we require* your assistance with" multiple pre-employment procedures required by Technip.[14] For example, Technip required Martin consent to a background check, which included an employment and education history.[15] Technip also required Martin agree to a drug and alcohol policy, which read in part, "I understand that compliance with this Policy is a condition of employment and/or continued employment" with Technip.[16] Martin reported to Jeffrey Mischer, a Technip employee, while working as a piping engineer.[17] Martin never reported to an NES office for work. Technip controlled Martin's work and the manner and method of Martin's pay. Finally, as demonstrated above, Technip required Martin complete pre-employment acknowledgements and required Martin comply with Technip employment policies.[18] Accordingly, Technip was, as a matter of economic reality, Martin's joint employer under the FLSA.

### C. Martin—not NES—is a Prevailing Party and is Entitled to an Award of Costs

Throughout this litigation NES denied it violated the FLSA and denied it owed Martin any money.[19] The Court's June 27, 2018 *Opinion on Summary Judgment* awarded Martin $9,275 from NES. The Court made no finding regarding Martin's exempt status or whether he was paid properly by NES pursuant to the FLSA. Without such a finding, NES cannot be said to be a prevailing party under the FLSA. Indeed, the DOL determined NES had violated the FLSA, misclassified Martin, and owed Martin damages. A plaintiff is a prevailing party if they succeed

---

[14] Document 17-1, pp. 8-9 (emphasis added).
[15] Document 17-1, p. 9.
[16] Document 17-1, p. 9.
[17] Document 17-1, p. 9.
[18] *See* Document 33-6.
[19] *See generally*, Document 8.

on any significant issue in litigation that achieves some of the benefit the parties sought in bringing suit. *See Lucio-Cantu v. Vela*, 461, U.S. 424, 433 (1983). Put differently, a plaintiff can be said to "prevail" when a defendant's behavior is modified in a way that directly benefits the plaintiff. *See Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). Here, Martin prevailed in that the Court awarded him $9,275—an amount NES denied it owed.

Accordingly, without waiving the foregoing that there was no enforceable settlement, to the extent the Court declines to alter or amend the judgment regarding the settlement, Martin requests the Court vacate the award of costs in favor of NES, who is not a prevailing party, as Martin intends to submit his bill of costs and application for fees within fourteen days of the Court's resolving this motion.

## IV. Conclusion

Martin did not enter into an enforceable settlement agreement with NES. First, Martin did not sign a waiver with the DOL and did not accept any settlement funds, which are required to create an enforceable DOL supervised waiver. Second, there is no bona fide dispute between the parties to create an enforceable private settlement. Third, a condition precedent to the agreement offered by NES was the receipt and signature of a DOL waiver or acceptance of funds, neither of which happened. Fourth, the settlement, to the extent it took place, did not cover Martin's liquidated damages.

In the alternative, NES is not a prevailing party and Martin is a prevailing party. The Court ordered NES pay Martin an amount NES denied it owed.

Technip is an employer under the FLSA and Martin did not waive any claims against Technip.

## PRAYER

WHEREFORE premises considered, Plaintiff Michael Martin prays the Court reconsider its June 27, 2018 *Final Judgment*; that the June 27, 2018 *Final Judgment* be vacated; that Martin be permitted to proceed with his claims against NES and Technip; in the alternative, that the award of costs in favor of NES be vacated; and that Martin be granted any such other and further relief to which he may be justly entitled.

Respectfully submitted,

FIDDLER & ASSOCIATES, P.C.

/S/ ANDREW W. REED

_____
ANDREW W. REED
*Attorney-in-Charge*
SBOT #24074935
FID #1140192
areed@fiddlerlaw.com
G. SCOTT FIDDLER
*Of Counsel*
SBOT #06957750
FID #12508
scott@fiddlerlaw.com
1004 Congress, 3rd Floor
Houston, Texas 77002
Tel.:   713-228-0070
Fax:   713-228-0078

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing document and proposed Order will be accomplished through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on this the 25th day of July 2018, to the following:

Dennis P. Duffy, Esq.
dpduffy@bakerlaw.com
Ashlee Cassman Grant, Esq.
agrant@bakerlaw.com
Baker Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002-4995

/s/ ANDREW W. REED

_____
ANDREW W. REED